IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE CO., | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| MAUREEN REPETTO DAILY, as Parent and | : | NO. 02-CV-4830 |
| Natural Guardian of William Repetto, a Minor | : | |
| and | : | |
| MICHAEL DAILY | : | |
| | : | |
| Defendants | : | |

**DEFENDANTS' JOINT MOTION FOR
<u>SUMMARY JUDGMENT PURSUANT TO F.R.C.P. 56(b)</u>**

Defendants, by and through their undersigned counsel, file this joint motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(b) and in support show as follows:

1.      This case involves a request for a declaratory judgment by Nationwide for a claim against its insured defendant Michael Daily (hereinafter, "Daily") under a certain home owners policy issued to Daily for a home owned by him at 4108 Woodland Avenue, Brookhaven, PA, 19015.

2.      The claim which is being made against Daily under his Nationwide homeowner's policy is one for negligent supervision arising from serious injuries suffered by a minor, William Repetto, IV, (hereinafter, "Billy Repetto") on May 13, 2001 while Daily was walking Billy home from a shopping trip and Billy ran into an automobile.

3.      Discovery has now concluded and the matter is ripe for summary judgment in defendant Daily's favor. The facts established in discovery, taken in the light most favorable to Nationwide as the non-moving party, are clear that the injured minor Billy Repetto was **not** an "insured" under Daily's policy and should be allowed to proceed with a claim under that policy

4.      Billy Repetto is the natural son of William Repetto, III, and Maureen Repetto.

5.      William Repetto, III, and Maureen Repetto were divorced at the time of the William's accident. Although Maureen had "primary" legal custody, they shared legal custody of Billy and his sister Nicole as Maureen and William had done since they were initially divorced approximately three years earlier.

6.      At the time of his accident, Billy lived with his mother at her home at 2 Robins Way, Chadds Ford, PA.

7.      Defendant Daily was accompanying Billy home from a shopping trip as a favor to Billy's mother to whom Daily was then engaged.[1]

8.      Defendant Daily had **no** legal relationship to Billy at the time of Billy's injuries. Daily was neither Billy's parent, nor his step-father, his foster father, or his legal guardian.

9.      Daily had **no** responsibility--legal, moral or otherwise--at the time of the accident to provide any "care" for Billy as that term is used in Nationwide's policy. This includes "care" either solely or "care" rendered in conjunction with Billy's mother Maureen.

---

[1] It is immaterial to the outcome of this case, but Michael Daily and Maureen Repetto, William's mother, were subsequently married on September 29, 2001. Maureen Repetto is now known as Maureen Daily, but in the interest of simplicity and accuracy as to the facts existing at the time of the accident, she will be referred to as Maureen Repetto throughout this motion.

10. Nationwide's basis for requesting declaratory judgment is that Billy is an "insured" under the homeowners policy issued to defendant Daily for his own residence at 4108 Woodland, Brookhaven, PA. Nationwide also requests declaratory judgment alleging that Billy was a member of defendant Daily's "household" and that Billy was "in the care of" defendant Daily, thereby precluding him from coverage under the terms of Nationwide's policy.

11. Nationwide's policy defines "insured" as follows:

"Insured" means you and the following who live in your household:

a. your relatives

b. Any other person under age 21 and in the care of you or your relatives

12. Billy Repetto does not fit the definition of an "insured" as that term is used by Nationwide or as commonly understood by its plain and ordinary meaning.

13. In the alternative, the definition of what constitutes an "insured" under Nationwide's policy is ambiguous when applied to the facts of this case and therefore must be construed against Nationwide as the insurer and in favor of defendant Daily as the insured.

14. Contained within the definition of "insured" in Nationwide's policy are the terms "in the care of" or "household." However, Nationwide's policy does ***not*** define the terms "in the care of" or "household," and it drafted the policy and could have done so.

15. Under Pennsylvania law, "the term 'household' is defined as a '*family* living together.'" Donegal Mutual Insurance Company v. State Farm Mutual Insurance Company, 377 Pa. Super. 171, 178-179, 546 A. 2d 1212, 1215-1216 (1988), *citing* Black's Law Dictionary 666 (5th ed, 1979) (emphasis supplied). "The term household is generally synonymous with '*family* for insurance purposes and includes those who dwell together as a family under the same roof . . . . The

term does not apply to a relative, however close, who lives elsewhere; **nor does it apply to a resident of the same residence who is not a member of the family, i.e., one who enjoys all the prerogative of family life."** Id.

16.  The terms "in the care of" and "household" as used in Nationwide's policy are critically important terms in understanding what an "insured" is. However, a definition of precisely what constitutes "care" and a "household," those terms are limited to the definitions provided by Pennsylvania law. When applied to the unusual facts of this case, those terms are arguably susceptible to multiple meanings and interpretations, including that Billy was not a member of Daily's "*family*" and was not in his "care."

17.  The terms "in the care of" and "household" as used in Nationwide's policy are ambiguous when applied to the facts of this case and therefore must be construed against Nationwide as the insurer and in favor of defendant Daily as the insured. Those terms may have been readily understood in the "Ozzie and Harriet" 1950's when the concept of "family" had a universally accepted meaning, but no longer are purposeful language in an insurance policy such as Nationwide's without a proper definition. Michael Daily's "household" was a household of one, in a room in Maureen Repetto's home, as of May 13, 2001.

18.  Defendant Daily was living with Maureen Repetto at her home at 2 Robins Way, Chadds Ford at the time of Billy's injury, but was *not* a member of Maureen Repetto's "household." As stated in the unrebutted testimony of Billy's mother Maureen Repetto, Daily did not pick up her children at school because "It wasn't Michael's job, they weren't his responsibility at the time." *(N.T. p. 16)*. Maureen Repetto has also stated that Daily did not provide for her children *(N.T. p. 29)*, did not go on vacation with her and the children in the summer of 2000 *(N.T. p. 30)*, and never

coached any of her children's sports teams *(N.T. p. 31)*.  Maureen Daily kept a separate account for her children's necessities apart from another account of hers on which Daily was signatory. *(N.T. p. 37-39)*  Daily maintained his own car insurance apart from Maureen Repetto's *(N.T. p. 45)* and paid her for rent and expenses *(N.T. p. 22)*.  Daily moved into Repetto's house "in stages" in 2000 and still had personal possessions at 4108 Wood land Avenue, the insured "residence" under Nationwide's policy *(N.T. p. 20-21, 27-28)*.  Maureen Repetto's children also did *not* refer to Daly as "dad" or "daddy"; they called him "Michael" *(N.T. p. 33)*.  All of these notes of testimony pages are collectively attached hereto as Exhibit "A."

19. Similarly, Billy Repetto was *not* a member of Michael Daily's "household" at the time of the accident.  Billy Repetto has *never* lived at 4108 Woodland Avenue, the insured premises and Daily's "residence" as defined by Nationwide's declaration page.[2]  See Daily's Notes of Testimony *(N.T. p. 20, 21, and 27)* collectively attached hereto as Exhibit "B."

20. Billy Repetto also cannot be an "insured" under Daily's policy where Billy's mother Maureen (who has primary custody of Billy and with whom Billy lives) cannot be an insured as well.  Clearly, Maureen Repetto does not fit any part of Nationwide's definition of an "insured."  Maureen Repetto was not related to Daily at the time of this accident and was not under the age of 21.  Thus, to accept Nationwide's interpretation of what constitutes an "insured" under its policy, this Court would have to rule that Billy Repetto was a member of Daily's "household" or "family"

---

[2]It should be noted that although Nationwide did not define "household" it did define "residence premises" as "the one or two family dwelling other structures or grounds; *or that part of any other building where you live, shown as the residence premises on the Declarations."* See Exhibit "C."  The residence premises on the declaration is 4108 Woodland Avenue.  See Exhibit "D."  Thus, regardless of where Michael Daily is considered to have been living at the time of this accident, his "residence" for the purpose of the insurance policy in question is 4108 Woodland Avenue, *not* 2 Robins Way, where Billy and his mother lived.

despite the fact that he was not related to Daily but that Billy's mother Maureen, who *is* related to Billy and who lived in the same home with him, was not a member of that same Daily household. This would be an absurd result which underscores the point that Nationwide's request for declaratory judgment has no legal merit and that Billy was not an "insured" under Nationwide's policy.

WHEREFORE, Defendants respectfully request that this Court grant their Motion for Summary Judgment, dismissing this declaratory judgment action, with prejudice.

VILLARI, OSTROFF, KUSTURISS,
BRANDES & KLINE, P.C.

By:   /s/ John E. Kusturiss, Jr.
    John E. Kusturiss, Jr., Esquire #28271
    David B. Kline, Esquire   #58733
    Attorneys for Defendant, Maureen Repetto
    Villari, Ostroff, Kusturiss, Brandes & Kline, P.C.
    8 Tower Bridge, 4th Floor
    161 Washington Street
    Conshohocken, PA 19428
    Ph: 610-729-2900; Fax 610-729-2910
    jkusturiss@voklaw.com


  /s/ David J. Jaskowiak
David A. Jaskowiak, Esquire   #49753
Attorney for Defendant, Michael Daily
222 South Easton Road, Suite 104
Glenside, PA  19038
Ph:  215-886-7720;   Fax:  215-885-7268
davidjas@erols.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE CO., | : | CIVIL ACTION |
| Plaintiff | : | |
| vs. | : | |
| MAUREEN REPETTO DAILY, as Parent and Natural Guardian of William Repetto, a Minor and MICHAEL DAILY | : | NO. 02-CV-4830 |
| | : | Electronically Filed |
| Defendants | : | |

## CERTIFICATE OF SERVICE

    I, John E. Kusturiss, Jr., Esquire, attorney for Maureen Repetto Daily, do hereby state that a true and correct copy of Defendants' Joint Motion for Summary Judgment Pursuant to R.R.C.P. 56(b) and Memorandum of Law were served upon counsel of record by first-class mail, postage prepaid on the 21st day of May, 2003, as follows:

| | |
|---|---|
| Philip A. Ryan, Esquire<br>German, Gallagher & Murtagh<br>200 South Broad Street, Suite 500<br>Philadelphia, PA 19102 | David Jaskowiak, Esquire<br>222 S. Easton Road, Suite 104<br>Glenside, PA 19038 |

                                      VILLARI, OSTROFF, KUSTURISS,
                                      BRANDES & KLINE, P.C.

                              By:  /s/ John E. Kusturiss, Jr.
                                      John E. Kusturiss, Jr., Esquire   #28271
                                      David B. Kline, Esquire   #58733
                                      *Attorneys for Defendant,*
                                         *Maureen Repetto Daily*
                                      8 Tower Bridge, 4th Floor
                                      161 Washington Street
                                      Conshohocken, PA 19428
                                      Ph: 610/729-2900; Fax 610/729-2910
                                      jkusturiss@voklaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE CO., | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| MAUREEN REPETTO DAILY, as Parent and | : | NO. 02-CV-4830 |
| Natural Guardian of William Repetto, a Minor | : | |
| and | : | |
| MICHAEL DAILY | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT
MOTION FOR SUMMARY JUDGMENT PURSUANT TO F.R.C.P. 56(b)**

The legal issue at bar in this declaratory judgment action is whether as of May 13, 2001, the date of loss, the underlying claimant, William Repetto, a minor, lived in the "household" of Defendant Michael Daily and, in addition, was "in the care" of Michael Daily at the time of loss. It is clear that William Repetto, a minor, cannot legally qualify as an "insured" under defendant Michael Daily's Nationwide policy unless William Repetto, a minor, not only lived in the same household as Michael Daily, but also was in his care as of May 13, 2001. Summary judgment is appropriate because in view of the discovery conducted to date, it is factually incontestible that Michael Daily was not considered a member of the same household as William Repetto, a minor, and his mother, Maureen Repetto Daily, as of May 13, 2001. Therefore, the liability exclusion in Michael Daily's policy is inapplicable to this case, and summary judgment for Defendants should be entered.

The Nationwide policy at issue defines an insured as "you and the following who live in your household: A. Your relatives; B. any other person under age 21 and in the care of you or your relatives." The Nationwide policy does not define "household," and at a minimum the patent ambiguity of this undefined term warrants that its meaning be construed against its drafter, Nationwide. Obviously, no two people are in a better position to know whether defendant Michael Daily was in the household of minor, William Repetto, and his mother, Maureen Repetto Daily, on May 13, 2001, than defendant Michael Daily and Maureen Repetto Daily.

The sworn statement of defendant Michael Daily was taken on May 28, 2002, and the pertinent "household member" excerpts (N.T. 20; 21; 27, collectively attached hereto as <u>Exhibit "B."</u>) This testimony demonstrates that Michael Daily did not consider himself to be a member of his fiancee's household as of May 13, 2001, although they later married. He was essentially a renter. He had no routine as to any child care responsibilities. Likewise, the relevant deposition pages of defendant Maureen Repetto Daily's testimony are attached hereto as <u>Exhibit "E,"</u> and reveal that she too did not consider Michael Daily to be a member of her household as of May 13, 2001 (N.T. 22; 29; 32-35; 44-46). As a matter of law, no two people can be in a superior position than these two individuals to know whether or not Michael Daily was considered a member of the household of Maureen Repetto Daily on May 13, 2001. While Nationwide would define "household" as a matter of physical presence over an undetermined period of time prior to an actual loss, its policy has no such definition. Its policy, therefore, does not preclude the construction of a "household" as a household of one, regardless of where it is located. Pennsylvania case law has reasonably clear criteria as to the test for a person being a member of another's "household" for purposes of being an insured under the household's insurance policy, absent a definition in the policy. The facts of

this case, as per the previously cited deposition testimony, support the legal conclusion that Plaintiff Nationwide cannot meet its burden of proof when that criteria is applied.

In what is perhaps the seminal Pennsylvania appellate case on this narrow issue, <u>Donegal Mutual Ins. Co. v. State Farm Mutual Ins. Co.</u>, 377 Pa.Super. 171, 546 A.2d 1212 (1988), the Pennsylvania Superior Court had occasion to define the term "household" for insurance purposes where it was not specifically defined in the policy. In <u>Donegal</u>, the Court held, *inter alia*, that an uninsured pedestrian was not in residence in the same household with his cousin at the time of the subject accident, reversing the trial court's finding to the contrary.

In <u>Donegal</u>, the uninsured pedestrian was staying in a basement room at his cousin's home, where his cousin and her daughter and her daughter's father resided. The pedestrian paid a room rental on a weekly basis and was even permitted to use the kitchen and laundry room and watch television in the family room. He was given a key to the front door of the residence. He even used his cousin's address to establish eligibility to receive public assistance and food stamps. 546 A.2d at 1216. However, despite this substantial *indicia* of being a putative household member, the Pennsylvania Superior Court noted that the cousin "testified that her family unit consisted of her daughter, her daughter's father, and herself. She did not consider and did not want her cousin to be a part of her family, because his life style was entirely different than theirs." 546 A.2d at 1216-1217.

Therefore, it is apparent when applying Pennsylvania substantive law, where the term is not defined in the policy, being a member of one's "household" necessarily entails the head of household wanting and accepting the resident as a part of her family. In the case at bar, the head of her household, Maureen Repetto Daily, specifically testified in her deposition, as noted in the

attached pages thereof which constitute Exhibit "E" hereto, that Michael Daily was not a part of her household on the date of loss. She considered her household to consist of herself and her son, William Repetto (N.T. 32-35). There is no evidence to legally conclude that Michael Daily was a household member of the Repetto household on the date of loss. Indeed, there is more *indicia* of household membership in the familial relation case of Donegal than there is in the case at bar, in which there was no familial relationship whatsoever between Defendant Michael Daily and head of household Maureen Repetto Daily, nor between Defendant Michael Daily and William Repetto, a minor, the son of Maureen Repetto Daily. Under Pennsylvania law, being in one's "household" is far more than merely physically spending time there, even time on a regular and re-occurring basis. If Nationwide wanted to utilize a more restrictive definition of household, then it certainly could have done so, just as the insurer did in Borgia v. Prudential Ins. Co., 561 Pa. 434, 451, 750 A.2d 843, 853 (2000). In the absence of such a definition, a court is left with only the construction of that term, household, under Pennsylvania substantive law. In Nationwide Mutual Ins. Co. v. Budd-Baldwin, 947 F.2d 1098 (3d Cir. 1991), the Third Circuit Court of Appeals observed that:

> When we combine the dictionary definition with the facts of every day life, it is clear that to occupy a home means to be able to call that place one's own, to claim it as a place where one has a right to be. The word home itself connotes a place where one belongs and can always go with a certainty that he will be taken in. It connotes not only a physical place, i.e., the place where one eats meals, sleeps, socializes and generally spends time when not 'otherwise engaged with the activities of life,' but a sense of belonging. This definition clearly excludes persons who are mere visitors to the residence, however frequently they may visit and however certain they may be that they will always be taken in. Temporary visits, however frequent or regular, are simply insufficient to establish residency.

Budd-Baldwin, 947 F.2d at 1102, cited with approval by Nationwide Mutual Ins. Co. v. Ortiz, not reported in F.Supp.2d, 2001 WL 1076583 (M.D.Pa. 2001) (mem. opinion), Vanaskie, Chief J.

Other courts sitting in Pennsylvania and applying its law have likewise found that "household" member means more than a physical presence, however regular that presence might be.

> The term 'household' is generally synonymous with 'family' for insurance purposes, and includes those who dwell together as a family under the same roof." Black's Law Dictionary 666 (5th ed. 1979).  See: Van Overbeke v. State Farm Mutual Automobile Ins. Co., 303 Minn. 387, 391-93, 227 N.W.2d 807, 810 (1975).  See also: Bartholet v. Berkness, 291 Minn. 123, 125-27, 189 N.W.2d 410, 412 (1971).  The term does not apply to a relative, however close, who lives elsewhere; nor does it apply to a resident of the same residence who is not a member of the family, i.e., one who enjoys all the prerogatives of family life.  State Farm Mutual Automobile Ins. Co. v. Snyder, 122 Ga.App. 584, 585-86, 178 S.E.2d 215, 216 (1970).  See also: 6C Appleman, Insurance Law and Practice (Buckley ed.), § 4411.  Thus, "one who, though related and living in the same home, maintains a separate apartment therein and divides the expense of maintenance" is not a member of the same household as an insured who resides there.  6C Appleman, Insurance Law and Practice (Buckley ed.), § 4411.  Similarly, a son and daughter-in-law who live in the parents' home but who have separate bedrooms and living rooms, who buy their own groceries and usually do not eat with the parents, and who divide utility bills with the parents, as a matter of law, are not members of the parents' household.  Hoff v. Hoff, 132 Pa.Super. 431, 1 A.2d 506 (1938).  So also, a mother who resides in a building owned by her daughter, but who pays rent and utilities, has a separate entrance, has her own kitchen, and does her own cooking is not a member of the household as her daughter.  Drake v. Donegal Mutual Ins. Co., 422 F.Supp. 272 (W.D.Pa.1976).  And, a son and grandson are not members of the grandfather's household where they are living in the grandfather's home under a temporary arrangement, where the son has stored rather than sold his furniture, and where the two families to a large extent maintain their separate identities.  Mission Ins. Co. v. Ward, 487 S.W.2d 449 (Mo. 1972).  Something more than mere temporary sojourn is required.  A. G. by Waite v. Travelers Ins. Co., 112 *180 Wis.2d 18, 21-22, 331 N.W.2d 643, 645 (1983).

Donegal, *supra*, 546 A.2d at 1216.  The New Jersey Supreme Court recently suggested that insurers should define the term "household" and have known for 40 years that it "is not a word of art."  Gibson v. Callaghan, 158 N.J. 662, 672, 730 A.2d 1278 (1999).  In the instant case, Nationwide's decision to not define the term warrants a judicial construction consistent with the aforecited Pennsylvania substantive caselaw.

It has long been the law of Pennsylvania that where the provisions of an insurance policy are vague or ambiguous, they must be construed strictly against the insurer and liberally in favor of the insured. Fox v. State Automobile Ins. Co., 314 Pa.Super. 559, 564, 461 A.2d 299, 301 (1983), citing Manufacturers Casualty Insurance Co. v. Goodville Mutual Casualty Co., 403 Pa. 603, 170 A.2d 571 (1961).

"Had the insurer desired to limit its liability to accidents with such a close causal connection to the ownership, maintenance or use [of the motor vehicle] ... as to be encompassed within the scope of proximate causation, it could have and should have so stated in its policy. Fox, 461 A.2d at 301; Eichelberger v. Warner, 290 Pa.Super. 269, 273, 434 A.2d 747, 749 (1981); State Auto. Ins. Ass'n v. Kuhfahl, 364 Pa.Super. 230, 237, 527 A.2d 1039, 1042 (1987). Nationwide could have defined what it meant by "household"; it chose not to do so. Nationwide cannot now benefit from its own subjective and legally unsupported interpretation of this undefined term.

WHEREFORE, for all of the foregoing reasons, the instant Motion for Summary Judgment should be granted.

    VILLARI, OSTROFF, KUSTURISS,
    BRANDES & KLINE, P.C.

By:   /s/ John E. Kusturiss, Jr.
    John E. Kusturiss, Jr., Esquire #28271
    David B. Kline, Esquire   #58733
    Attorneys for Defendant, Maureen Repetto
    Villari, Ostroff, Kusturiss, Brandes & Kline, P.C.
    8 Tower Bridge, 4th Floor
    161 Washington Street
    Conshohocken, PA 19428
    Ph: 610-729-2900; Fax 610-729-2910
    jkusturiss@voklaw.com

Case 2:02-cv-04830-TON    Document 13    Filed 05/21/2003    Page 14 of 14

/s/ David A. Jaskowiak
David A. Jaskowiak, Esquire    #49753
Attorney for Defendant, Michael Daily
222 South Easton Road, Suite 104
Glenside, PA  19038
Ph:  215-886-7720;   Fax:  215-885-7268
davidjas@erols.com