IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE CO., | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| MAUREEN REPETTO DAILY, as Parent and | : | NO. 02-CV-4830 |
| Natural Guardian of William Repetto, a Minor | : | |
| and | : | |
| MICHAEL DAILY | : | Electronically Filed |
| | : | |
| Defendants | : | |

**DEFENDANT MAUREEN DAILY'S ANSWER TO MOTION FOR SUMMARY JUDGMENT OF PLAINTIFF NATIONWIDE MUTUAL INSURANCE CO.**

1.  Admitted.

2.  Denied as stated. It is admitted that this is the basis of jurisdiction under which the Complaint was filed, but it is denied that this Court has jurisdiction in that the matter in controversy is not a sum of money, but the construction of an insurance policy term, which is a matter for the arbitrators. In any event, the relief sought is not tantamount to a specific sum of money or a liquidated damages demand.

3.  Admitted.

4.  Denied as not directed toward answering defendant. By way of further answer and without waiver, under Plaintiff's policy's definitions, Daily continued to be a resident of 4108 Woodland Ave. even after he began living at 2 Robbins Way, with Maureen Repetto.

5.  Denied as not directed toward answering defendant. By way of further answer and without waiver, Daily continued to use a portion of the residence at 4108 Woodland Ave., for his personal use.

6. Admitted in part, denied in part. By way of further answer, this fact is irrelevant, as "engaged couples" are not "household" or "family" members under any Pennsylvania caselaw. To the extent this averment states that they were to be married in December of 1999, denied, as they were merely engaged.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted. By way of further answer, this fact is irrelevant to the legal issue at bar.

12. Denied as stated. Daily was merely living at 2 Robbins Way. According to Plaintiff's own policy, he was residing at 4108 Woodland Ave. In addition, he was not considered part of the Repetto family under any caselaw construction.

13. Admitted. By way of further answer, he was living in the house; he was not considered part of the Repetto family under any caselaw construction.

14. Admitted. By way of further answer, sharing one's bedroom (bed) does not render one part of his bedmate's family.

15. Admitted. By way of further answer, this fact is irrelevant to the legal issue at bar. This accident happened before that date.

16. Admitted.

17. Admitted.

18. Denied as stated. The referenced exhibit contains testimony which states that Mr. Daily would "pick them up from school now and again, dinner. . . . There is no routine. I work shift

work. It bounces all over. Primarily Maureen pictures (sic) them up." N.T. 21, Michael Daily, attached to Plaintiff's Motion as Exhibit "2." By way of further answer, Maureen Repetto Daily testified likewise. Specifically, "it wasn't Michael's job, they weren't his responsibility at the time." N.T. 16, Maureen Repetto Daily, attached to Plaintiff's Motion as Exhibit "3."

19. Denied as stated. While the witness admitted there were times when Mr. Daily would prepare dinner for her and her children, she stated on the same page that "it just felt more separated then," referencing the time period prior to when she and Mr. Daily were married in September of 2001. N.T. 35, Maureen Repetto Daily, attached to Plaintiff's Motion as Exhibit "3."

20. Admitted. By way of further answer, periodic babysitting does not make one a father or family member.

21. Admitted. By way of further answer and without waiver, occasional gift giving does not bestow family member status on the giver.

22. Admitted in part, denied in part. Daily paid only his proportionate share of expenses, as would any tenant for common expenses. It is specifically factually denied that Daily was part of the Repetto household.

23. Denied as stated. It is admitted there was an injury to minor, William Repetto, on May 13, 2001, however the facts and circumstances of that injury are set forth more accurately in the underlying Answer, which is a document in writing which speaks for itself.

24. Admitted.

25. Admitted. By way of further answer, the subject policy does not include a definition for "household."

26.  Admitted. Bay way of further answer, it is undisputed that there was no spouse in either the Repetto or Daily household on the date of loss.

27.  Admitted, but irrelevant.

28.  Admitted, but inapplicable because no party fits the definition of a "relative" or being "in care of" a third party household member.

29.  Admitted, but inapplicable because there were no "regular residents" of Daily's household.

30.  Admitted.

31.  Denied as a conclusion of law to which no response is required. By way of further answer and without waiver, physically residing together is not the same thing as being a member of the household of another person, as is clear under Pennsylvania caselaw, even as cited by Nationwide in its brief.

32.  Denied as a conclusion of law to which no response is required. By way of further answer, the minor was not a member of Daily's household even as cited.

33.  Denied as a conclusion of law to which no response is required. By way of further answer and without waiver, since "regular residence" is not a legal term of art, this averment is also factually denied. It is denied as a conclusion of law that "regular residency" is tantamount to "household membership." It is admitted only that physically, William Repetto lived in Maureen Repetto Daily's house as of May 13, 2001. Nationwide seeks to equate physical occupancy with being part of the same household. The sharing of common expenses likewise does not confer household membership status.

34. Denied as a conclusion of law to which no response is required. By way of further answer and without waiver, answering Defendant hereby incorporates by reference as if fully set forth herein her Memorandum of Law accompanying her previously filed Motion for Summary Judgment.

WHEREFORE, Defendant Maureen Repetto Daily hereby respectfully requests that this Honorable Court dismiss, with prejudice, the Motion for Summary Judgment of Plaintiff Nationwide Mutual Insurance Co.

>VILLARI, OSTROFF, KUSTURISS,
>BRANDES & KLINE, P.C.
>
>By: /s/ John E. Kusturiss, Jr.
>  John E. Kusturiss, Jr., Esquire #28271
>  David B. Kline, Esquire   #58733
>  Attorneys for Defendant, Maureen Repetto
>  Villari, Ostroff, Kusturiss, Brandes & Kline, P.C.
>  8 Tower Bridge, 4th Floor
>  161 Washington Street
>  Conshohocken, PA 19428
>  Ph: 610-729-2900; Fax 610-729-2910
>  jkusturiss@voklaw.com

Dated:  6/3/03

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE CO., | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| MAUREEN REPETTO DAILY, as Parent and | : | NO. 02-CV-4830 |
| Natural Guardian of William Repetto, a Minor | : | |
| and | : | Electronically Filed |
| MICHAEL DAILY | : | |
| | : | |
| Defendants | : | |

**CERTIFICATE OF SERVICE**

    I, John E. Kusturiss, Jr., Esquire, attorney for Maureen Repetto Daily, do hereby state that a true and correct copy of Defendant Maureen Repetto Daily's Answer to Plaintiff Nationwide Mutual Insurance Co.'s Motion for Summary Judgment and Memorandum of Law were served upon counsel of record by first-class mail, postage prepaid on the 3rd day of June, 2003, as follows:

| | |
|---|---|
| Philip A. Ryan, Esquire | David Jaskowiak, Esquire |
| German, Gallagher & Murtagh | 222 S. Easton Road, Suite 104 |
| 200 South Broad Street, Suite 500 | Glenside, PA 19038 |
| Philadelphia, PA 19102 | |

                      VILLARI, OSTROFF, KUSTURISS,
                      BRANDES & KLINE, P.C.

                      By:  /s/ John E. Kusturiss, Jr.
                          John E. Kusturiss, Jr., Esquire   #28271
                          David B. Kline, Esquire   #58733
                          *Attorneys for Defendant,*
                            *Maureen Repetto Daily*
                          8 Tower Bridge, 4th Floor
                          161 Washington Street
                          Conshohocken, PA 19428
                          Ph: 610/729-2900; Fax 610/729-2910
                          jkusturiss@voklaw.com