**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE CO., | : | CIVIL ACTION |
| Plaintiff | : | |
| vs. | : | |
| MAUREEN REPETTO DAILY, as Parent and Natural Guardian of William Repetto, a Minor and | : | NO. 02-CV-4830 |
| MICHAEL DAILY | : | Electronically Filed |
| Defendants | : | |

**MEMORANDUM OF LAW OF DEFENDANT MAUREEN REPETTO DAILY IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF PLAINTIFF NATIONWIDE MUTUAL INSURANCE CO.**

Defendant Maureen Repetto Daily hereby incorporates by reference a true and correct copy of the Memorandum of Law which accompanied her previously filed Motion for Summary Judgment.

Without repeating what is contained therein, it is noteworthy that Nationwide relies heavily on Donegal Mutual Insurance Co. v. State Farm Mutual Automobile Insurance Co., at 546 A.2d at 1212 (Pa.Super. 1988). Of principal significance in that case was that the Court adopted a definition of "household" as "a family living together." There is no factual evidence in this case whatsoever that either Michael Daily or Maureen Repetto Daily considered themselves "a family living together" on the date of loss, May 13, 2001. Nationwide would have the Court reach a legal conclusion based on selected factual *indicia* which do not support familial closeness. However, babysitting a child and preparing dinner on occasion does not make one a member of another's household, and specifically does not make one a member of another's household where the head of

household denies such a relationship. Two separate families living under one roof does not make each family a member of the other's household.

Frankly, a judicial construction cannot create a "social unit" when the members of that putative unit do not consider themselves part of any unit. Separate pieces do not make a unit unless they fit together, and here, by their own admissions, Daily and Repetto did not live as one family or as one household on May 13, 2001. They were not part of the same social unit. Of note, this changed on September 29, 2001, when Daily and Repetto were married and formed a family unit. If they thought they were a "family" or "household," there would have been no need for them to marry at all. If Nationwide wanted to create a litmus test of mere physical presence on a regular basis, it could have easily done so by so defining "household" in its policy. It cannot now have its own favored construction in the absence of any definitional basis for it in the policy which it wrote.

Nowhere in the policy is a "household member" defined. In fact, "residence premises" as defined by Nationwide in its own policy is the one shown on the declarations page, which in this case, is 4108 Woodland Ave. Therefore, for purposes of the interpretation of this policy, Michael Daily was a resident of 4108 Woodland Ave. even though he was living at 2 Robbins Way on the date of loss. (This definition appears in Plaintiff's Exhibit "1A" in Nationwide's Motion for Summary Judgment, under its homeowner policy definitions, page 3.) Therefore, it is clear that Daily was a resident of 4108 Woodland Ave. on the date of loss and that even if a test of residency were used to determine household membership, he would have to be considered a member of his own household, and no one else's, under his policy definitions.

WHEREFORE, Defendant Maureen Repetto Daily hereby respectfully requests that this Honorable Court dismiss, with prejudice, the Motion for Summary Judgment of Plaintiff Nationwide Mutual Insurance Co.

VILLARI, OSTROFF, KUSTURISS,
BRANDES & KLINE, P.C.

By:   /s/ John E. Kusturiss, Jr.
        John E. Kusturiss, Jr., Esquire #28271
        David B. Kline, Esquire   #58733
        Attorneys for Defendant, Maureen Repetto
        Villari, Ostroff, Kusturiss, Brandes & Kline, P.C.
        8 Tower Bridge, 4th Floor
        161 Washington Street
        Conshohocken, PA 19428
        Ph: 610-729-2900; Fax 610-729-2910
        jkusturiss@voklaw.com

Dated:   6/3/03