### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE CO., | : | CIVIL ACTION |
| Plaintiff | : | |
| vs. | : | |
| MAUREEN DAILY, as Parent and Natural Guardian of William Repetto, a Minor and MICHAEL DAILY | : | NO. 02-CV-4830 |
| Defendants | : | |

### DEFENDANTS' JOINT *REPLY* BRIEF TO PLAINTIFF NATIONWIDE'S ANSWER TO DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT

Plaintiff Nationwide is correct in only one respect in its Answer to Defendants' Joint Motion for Summary Judgment. Pennsylvania Courts *have* construed what a "household" means. What Nationwide fails to bring to the Court's attention is *how* Pennsylvania Courts have construed that term. The courts have consistently ruled *against* Nationwide's expansive construction of "household."

Pennsylvania law is clear: "*Household*" means "*family*." As stated by the Court in Donegal Mutual Insurance Co. v. State Farm Mutual Automobile Insurance Co., 377 Pa. Super. 171, 546 A.2d 1212 (1988):

> The term household is generally synonymous with 'family for insurance purposes and includes those who dwell together as a family under the same roof . . . . The term does not apply to a relative, however close, who lives elsewhere; **nor does it apply to a resident of the same residence who is not a member of the family, i.e., one who enjoys all the prerogative of family life.**

*Accord*, <u>Nationwide Mutual Insurance Company v. Budd-Baldwin</u>, 947 F. 3d 1098 (3rd Cir., 1991) *(where the Court noted that the term used by the Donegal Court is defined by Black's Law Dictionary, 666 (5th ed., 1979) as a "family living together and that "household" is generally consistent with "family" for insurance purposes)*.  <u>See</u> also, <u>Amica Mutual Insurance Company v. Donegal Mutual Insurance Company</u>, 376 Pa. Super. 109, 545 A. 2d 343, 344 (1988) *(where the Court concurred and noted that the policy in question could be upheld as written because the carrier had actually defined what precisely was meant by "family")*.

  In this case, Nationwide did **not** define what was meant by "family" in its policy, although it certainly could have if it wanted a more expansive understanding of that term.   Thus, to the extent that it now seeks to expand the conventional understanding of family, Nationwide cannot be allowed to do so.  According to Random House Webster's College Dictionary, 2001 edition, "family" means " . . . (1) parents and children, considered as a group, whether living together or not, (2) the children of one person or one couple collectively, (3) the spouse and children of one person, (4) any group of persons closely related by blood, as parents, children, aunts, uncles and cousins, (5) all those persons considered as descendants of a common progenitor."   Michael Daily did not fit **any** of those descriptions with respect to Maureen Repetto and her two children at the time of the accident in question, nor did Billy Repetto fit any of those descriptions with respect to Michael Daily.  Therefore, since Michael Daily and Billy Repetto were **not** members of the same "family," Billy was **not** a member of Michael Daily's "household."  Thus, Nationwide must provide coverage to Michael Daily for Billy Repetto's claim.

For all of the above-stated reasons, as well as those previously expressed in Defendants' Joint Motion for Summary Judgment, Defendants, Maureen Repetto Daily and Michael Daily, respectfully request that this Honorable Court dismiss, with prejudice, the Motion for Summary Judgment of Plaintiff Nationwide Mutual Insurance Company and instead grant Defendants' Joint Motion for Summary Judgment in favor of extending coverage to Michael Daily for the claim of the minor William (Billy) Repetto, IV.

Respectfully submitted,

 /s/ David A. Jaskowiak
David A. Jaskowiak, Esquire   #49753
222 S. Easton Road, Suite 107
Glenside, PA 19038
Ph:  215-886-7720; Fax: 215-885-7268
*Attorney for Defendant Michael Daily*


VILLARI, OSTROFF, KUSTURISS,
BRANDES & KLINE, P.C.


By:   /s/ John E. Kusturiss, Jr.
John E. Kusturiss, Jr., Esquire   #28271
David B. Kline, Esquire   #58733
8 Tower Bridge, 4th Floor
161 Washington Street
Conshohocken, PA 19428
Ph: 610/729-2900; Fax 610/729-2910
jkusturiss@voklaw.com
*Attorneys for Defendant,
   Maureen Repetto Daily*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE CO., | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| MAUREEN DAILY, as Parent and | : | NO. 02-CV-4830 |
| Natural Guardian of William Repetto, a Minor | : | |
| and | : | |
| MICHAEL DAILY | : | |
| | : | |
| Defendants | : | |

**CERTIFICATE OF SERVICE**

    I, John E. Kusturiss, Jr., Esquire, attorney for Maureen Repetto Daily, do hereby state that a true and correct copy of Defendants; Joint Reply Brief to Plaintiff Nationwide's Answer to Defendants' Joint Motion for Summary Judgment was served upon counsel of record by first-class mail, postage prepaid on the 12th day of June, 2003, as follows:

    Philip A. Ryan, Esquire
    German, Gallagher & Murtagh
    200 South Broad Street, Suite 500
    Philadelphia, PA 19102

                              VILLARI, OSTROFF, KUSTURISS,
                              BRANDES & KLINE, P.C.

                              By: /s/ John E. Kusturiss, Jr.
                                    John E. Kusturiss, Jr., Esquire   #28271
                                    David B. Kline, Esquire   #58733
                                    *Attorneys for Defendant,*
                                        *Maureen Repetto Daily*
                                    8 Tower Bridge, 4th Floor
                                    161 Washington Street
                                    Conshohocken, PA 19428
                                    Ph: 610/729-2900; Fax 610/729-2910
                                    jkusturiss@voklaw.com